**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GG Insurance Services Incorporated, | No. CV-23-01964-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Myles Johnson, et al., | |
| Defendants. | |

On September 19, 2023, Plaintiff filed the complaint. (Doc. 1.) Plaintiff later filed proofs of service indicating that service was executed as to all non-Doe Defendants between December 2, 2023 and January 2, 2024. (Docs. 15-24.)

On January 26, 2024, Plaintiff filed an amended complaint (Doc. 25) but did not comply with the procedural requirements of LRCiv 15.1.[1] Noting the deficiency, the Court struck the amended complaint and directed Plaintiff to follow the procedures outlined in LRCiv 15.1. (Doc. 27.)

On January 30, 2024, Plaintiff filed the "notice of filing amended pleading" required by LRCiv 15.1 (Doc. 28) and an amended complaint (Doc. 29). The notice indicated that the amended complaint was being filed as a matter of course. (Doc. 28.)

---

[1] Under LRCiv 15.1(b), a party filing an amended pleading as a matter of course or by consent must file a separate notice indicating how the amended pleading differs from the pleading it amends. Additionally, if the amendment is by consent, the amending party must provide a certification to that effect in the separate notice. LRCiv 15.1(a), which governs amendment by motion, also requires the filing of a separate document indicating how the proposed amended pleading differs from the pleading it seeks to amend. Plaintiff's filing on January 26, 2024 did not include the required redlined notice/exhibit.

On February 6, 2024, the Court issued the following order:

> Rule 15(a) of the Federal Rules of Civil Procedure permits amendment as a matter of course within 21 days after serving the complaint, or within 21 days after a response to the complaint is filed. Here, all of the served defendants were served more than 21 days after Plaintiffs attempted amendment. Thus, pursuant to Rule 15(a)(2), Plaintiff must obtain written consent from all served defendants. If any defendant refuses to provide written consent, Plaintiff must file a motion for leave to amend, and the objecting defendant must file a response explaining the reasons for opposing amendment. Accordingly, IT IS ORDERED that the amended complaint (Doc. 29) is struck.

(Doc. 32.)

On February 8, 2024, Plaintiff filed a motion to amend the complaint. (Doc. 33.) In a footnote, Plaintiff also contends that it had a right to amend as a matter of course. (*Id.* at 2 n.1.) The Court therefore affords further attention to the matter of whether amendment as a matter of course is available to Plaintiff at this juncture.

The Court has previously interpreted the language of Rule 15(a)(1) of the Federal Rules of Civil Procedure as providing two separate windows of time in which amendment is permissible: 21 days after service or 21 days after the filing of a responsive pleading or a Rule 12(b), (e), or (f) motion, with a possible gap period between those two windows[2] in which amendment as a matter of course is impermissible:

> [The option to amend as a matter of course] is not currently available to Plaintiffs . . . [because] more than 21 days has elapsed since service [a]nd no Defendant has filed a responsive pleading or a Rule 12(b), (e), or (f) motion, so Rule 15(a)(1)(B) is as-of-yet inapplicable. Thus, Plaintiffs must either obtain. . . written consent to amend or file a motion for leave to amend, or they can wait to see if [any party] will respond in a manner that will open the Rule 15(a)(1)(B) window for amendment as a matter of course.

*Thomas v. United States of America et al*, 3:20-cv-08182-DWL, Doc. 17 (October 21, 2020) (citation omitted). Ninth Circuit law appeared to accord with this interpretation of Rule 15's language. *See, e.g.*, *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1006 n.2 (9th Cir. 2015) ("Rule 15 was amended in 2009. *Prior to that amendment*, it provided that a party could amend once as a matter of course at any time before a responsive pleading

---

[2] Although the general rule is that an answer is due within 21 days after service, Fed. R. Civ. P. 12(a)(1)(i), timely waiver of service can extend that deadline, Fed. R. Civ. P. 12(a)(1)(ii), as can a motion or stipulation seeking a deadline extension.

was served, or within twenty days of service if no responsive pleading was permitted and the case was not on the court's trial calendar.") (emphasis added); *Servin v. FCA US, LLC*, 2020 WL 2468766, *1 (C.D. Cal. 2020) ("In the instant matter, Plaintiff filed and served the original complaint on February 21, 2020. Plaintiff amended his complaint 46 days later, on April 7, 2020. FCA had not filed its answer to the complaint and had not served a motion under Rule 12(b), (e), or (f). Moreover, the amendment occurred more than 21 days after Plaintiff served FCA with the original complaint. As a result, the amendment was not as a matter of course, and Plaintiff was required to obtain FCA's written consent or leave of court to file the FAC.") (cleaned up). Indeed, the Seventh Circuit case cited by Plaintiff suggests that a responsive pleading or motion to dismiss must be filed to start the 21-day window to amend as a matter of course under Rule 15(a)(1)(B). *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) ("[U]nder Rule 15(a)(1)(B), *once the City filed a responsive pleading or motion to dismiss*, Swanigan was entitled to amend his complaint to flesh out his original claims or attempt to cure any jurisdictional or legal defects.") (emphasis added).

Nevertheless, the most recent amendment to Rule 15, which became effective December 1, 2023, changes the analysis. The 2023 amendment replaces the word "within" with the phrase "no later than":

> A party may amend its pleading once as a matter of course **[within] no later than**:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1) (2023) (changes indicated in bold and strikethrough).

The advisory committee note to the 2023 amendment states as follows:

> Rule 15(a)(1) is amended to substitute "no later than" for "within" to measure the time allowed to amend once as a matter of course. A literal reading of "within" would lead to an untoward practice if a pleading is one to which a responsive pleading is required and neither a responsive pleading nor one of the Rule 12 motions has been served within 21 days after service of the pleading. Under this reading, the time to amend once as a matter of course

- 3 -

lapses 21 days after the pleading is served and is revived only on the later service of a responsive pleading or one of the Rule 12 motions. There is no reason to suspend the right to amend in this way. "No later than" makes it clear that the right to amend continues without interruption until 21 days after the earlier of the events described in Rule 15(a)(1)(B).

In short, under the new version of Rule 15, Plaintiff was indeed entitled to amend as a matter of course. The Court thus erred in striking the amended complaint that Plaintiff filed on January 30, 2024, which complied with the procedural requirements of LRCiv 15.1. The Court apologizes for the inconvenience.

Accordingly, upon the Court's sua sponte reconsideration,

**IT IS ORDERED** that the Court's February 6, 2024 order (Doc. 32) is **vacated**. The amended complaint previously filed at Doc. 29 is no longer struck and serves as the operative pleading in this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (Doc. 33) is **denied as moot**.

Dated this 13th day of February, 2024.

_____
Dominic W. Lanza
United States District Judge

- 4 -