**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GG Insurance Services Incorporated,<br><br>           Plaintiff,<br><br>v.<br><br>Myles Johnson, et al.,<br><br>           Defendants. | No. CV-23-01964-PHX-DWL<br><br>**ORDER** |

The Court has reviewed the parties' separate discovery-dispute statements (Docs. 73, 75)[1] and now rules as follows.

1. Plaintiff operates from the premise that, under the agreed-to ESI Order, any and all devices within the possession, custody, or control of Defendant Myles Johnson ("Johnson") are automatically subject to the imaging and keyword-searching processes contemplated in the ESI Order. (Doc. 73 at 3 ["[T]his ESI Order explicitly mentions Defendant Myles Johnson and his devices . . . . Thus, it should be no surprise that Plaintiff would request to image Mr. Johnson's devices, and that is precisely what Plaintiff did . . . ."].) Johnson disagrees, arguing that "[i]t's not reasonable to image all devices that Johnson has accessed over the past five years, and the parties did not reach the required agreement under the ESI Order." (Doc. 75 at 3.)

The Court agrees with Johnson's interpretation of the ESI Order. Section 7 of that

---

[1] Each side blames the other for not submitting a joint statement, as required by the case management order. (Doc. 56 at 5.) The Court finds it unnecessary to parcel out blame and simply asks the parties to strive to follow court orders in the future.

order begins by stating that "[t]he parties agree that *certain Devices* will be an important part of discovery in this case, and that such Devices should be imaged and searched for discoverable information." (Doc. 69 at 5, emphasis added.)  The use of the phrase "certain Devices" indicates that the parties understood that not *all* devices would necessarily be subject to imaging and searching, and indeed § 7(a) specifically contemplates a process for the parties to meet and confer about whether a particular device should be subject to imaging and searching: "First, the parties will initially determine whether the Device is one that may contain discoverable information as defined in Fed. R. Civ. P. 26(b) and is one that is reasonable to image based on the likelihood that it has sufficient discoverable information to justify an image." (*Id.*)  Additionally, the final portion of § 7 clarifies that "[n]othing in this section (Section 7) operates to prohibit or limit a party's right to object to a discovery request." (*Id.* at 7-8.)

Notwithstanding these provisions, Plaintiff contends that the following phrase in the prefatory portion of § 7 shows that the parties agreed that all devices in Johnson's possession, custody, or control would be subject to imaging and searching: "Plaintiff specifically seeks the images of certain Devices, including but not limited to Devices in Defendant Myles Johnson's possession, custody, or control, so that Plaintiff can review discoverable data on such Devices." (*Id.*)  The problem with this argument is that the quoted language only reflects Plaintiff's intention to seek the imaging of all of Johnson's devices—it doesn't reflect Johnson's assent to such imaging.  And as discussed above, other portions of the ESI Order state that the parties will make a case-by-case evaluation of whether any particular device is subject to imaging and searching.

Given these determinations, Plaintiff's "request[] that the Court enforce the ESI Order, find that Johnson's objections to keywords are waived, and award Plaintiff its reasonable fees and costs" (Doc. 73 at 5) is unavailing.  Because the parties did not complete the meet-and-confer process concerning the preliminary step under the ESI Order—determining whether each device that was the subject of Plaintiff's imaging request was, in fact, "one that may contain discoverable information as defined in Fed. R. Civ. P.

26(b) and is one that is reasonable to image based on the likelihood that it has sufficient discoverable information to justify an image" (Doc. 69 at 5), it would be premature for the Court to order relief.  Although Johnson may not have raised this objection with ideal timing or clarity during the parties' discussions leading up to the filing of the discovery-dispute statements, it was adequately raised (Doc. 75-1 at 38) and not forfeited.

       2.     During their renewed meet-and-confer discussions, the parties must also continue their discussions regarding which keywords will be used during the requested search.  In his discovery-dispute statement, Johnson persuasively argues that at least one of Plaintiff's proposed keywords ("JFQ") is overbroad, in violation of the provision in the ESI Order that "[t]he objective of agreeing on keywords is to capture as much of the requested discoverable information as possible pursuant to Fed. R. Civ. P. 26(b)(1) *while limiting the amount of non-discoverable information captured.*" (Doc. 69 at 6, emphasis added.)[2]  Although Plaintiff contends that Johnson did not properly raise any keyword objections during the highly compressed timeline contemplated in the ESI Order, any delay was short and appears to have been due to vacations and holidays.  At any rate, because the parties must also renew their meet-and-confer discussions regarding which devices will be subject to imaging, that is all the more reason to allow them to exhaust their meet-and-confer discussions regarding keywords, too.

       Dated this 12th day of July, 2024.

_____
Dominic W. Lanza
United States District Judge

---

[2] Johnson also objects to "[t]he search term 'Johnson'" on the ground that it "would produce every document and communication Johnson has authored, sent or received for the last five years regardless of content" (Doc. 75 at 2), but it does not appear to the Court that "Johnson" is one of the proposed keywords appearing in Exhibit A to Plaintiff's RFP (Doc. 75-1 at 24-28).