**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GG Insurance Services Incorporated, | No. CV-23-01964-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Myles Johnson, et al., | |
| Defendants. | |

The parties have three more discovery disputes.

**I. Response to RFP #45**

GG propounded a request for production asking defendants to "produce all Documents, ESI and things reflecting revenue received from Your use of" source code. Defendants initially responded that no such documents existed but later stated Turbo "does not generate revenue from its source code; therefore, Turbo's response to this request will not be supplemented."

The dispute turns on the proper interpretation of the RFP. GG argues the RFP seeks all the documents showing revenue from "*use* of the code, not from the mere existence of the code." (Doc. 149 at 2.) According to GG, the code is used to help sell homeowners' insurance, and documents showing revenue from such sales—which GG claims must exist—would be responsive to the RFP. Turbo, however, interprets the RFP differently and argues there are no responsive documents because "Turbo does not generate revenue from its source code." (Doc. 149 at 5.) In other words, Turbo seems to have interpreted the RFP

1  as seeking only those documents indicating revenue directly from source code, such as
2  from the sale or licensing of the source code itself.

3      Turbo's interpretation of the RFP is too restrictive. The RFP seeks revenue derived
4  from the "use" of the code. Responsive documents would include those that outline sales
5  where the source code was used in making those sales. Assuming it is not duplicative of
6  discovery already provided, Turbo must supplement its response to this RFP.

**II. Privilege Log**

GG believes defendants should be required "to identify who the 'client' is in their privilege logs when they claim attorney-client privilege." (Doc. 149 at 3.) GG argues it needs this information to assess the merits of the privilege claims, in particular whether the privilege has been waived. Defendants do not explain why they are resisting disclosure of the client, although they seem to argue the relevant client was "Turbo." (Doc. 149 at 6.)

A privilege log must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Often a privilege log will include "the attorney and client involved." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). And "the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." *Clarke v. Am. Com. Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992). Defendants have not established any reason why withholding the identity of the client is necessary and disclosing the client will provide additional information to allow GG to assess the privilege claim. Defendants must supplement their privilege log to include the identity of the client.

**III. Deposition of Attorney Jessica Miller**

GG wishes to take the deposition of defense counsel Jessica Miller, asserting the deposition is needed based on defendants' counterclaim that there is "an enforceable separation agreement between GG and defendant Johnson based only on emails sent and

received by Jessica Miller." (Doc. 149 at 4.) GG seeks to depose Miller "on issues about intent, contract formation, course of dealing, and more." (Doc. 149 at 4.) Defendants respond GG cannot meet the high standard for allowing depositions of opposing counsel. According to defendants, GG can obtain the evidence it seeks through avenues other than deposing Miller.

The Ninth Circuit has not yet established "a standard for analyzing whether to permit the deposition of counsel in a pending litigation." *Torrey Pines Logic, Inc. v. Gunwerks*, LLC, No. 19-CV-02195-H-DEB, 2020 WL 6365430, at *2 (S.D. Cal. Oct. 29, 2020). But district courts in the Ninth Circuit often rely on the "three-part test set forth in the Eighth Circuit's decision in *Shelton v. American Motors Corp.*," 805 F.2d 1323 (8th Cir. 1986). That test allows for a deposition if "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* at 1327.

The Second Circuit has rejected the Eighth Circuit's standard and adopted a more holistic approach. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003). That approach requires a court "take[] into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *Id.* Appropriate considerations "include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id.*

The court need not determine which test, if either, is appropriate. Regardless of which test applies, the circumstances of the present case establish a deposition of Jessica Miller is not appropriate. Defendants convincingly argue there are a variety of other avenues for GG to obtain the information it seeks. With such easily available alternatives, deposing defense counsel would introduce unnecessary complications.

Finally, the case management order issued in May 2024 required all "non-expert depositions" be completed no later than January 31, 2025. (Doc. 56 at 2.) On January 21,

2025, the court granted a stipulation between the parties that extended that deposition deadline but only for identified individuals. Jessica Miller was not one of the individuals listed. Defendants argue any deposition of Jessica Miller would be untimely. GG responds it is "preposterous" to think the case management order applies to discovery regarding the counterclaims. The court does not issue separate case management orders for discovery related to claims and counterclaims. The deadline for non-expert depositions has expired. The deposition of Jessica Miller, if not prohibited for other reasons, would be barred by the governing case management order.

**IT IS ORDERED** the parties shall comply with the discovery rulings set forth above.

**IT IS FURTHER ORDERED** the Motion for Leave to File Non-Convertible Video (Doc. 153) is **GRANTED**. Defendants shall filed the video pursuant to the requirements set forth in the Electronic Case Filing Administrative Policies and Procedures Manual.

**IT IS FURTHER ORDER**ED the Motion to Seal (Doc. 144) is **GRANTED**. The Clerk of Court shall file under seal the documents lodged at Doc. 145. This order shall not be sealed.

Dated this 6th day of March, 2025.

Honorable Krissa M. Lanham
United States District Judge