**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GG Insurance Services Incorporated, | No. CV-23-01964-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Myles Johnson, et al., | |
| Defendants. | |

The adoption of separate discovery schedules for the preliminary injunction and for trial on the merits has generated an inordinate amount of work for the parties and the court. The parties now generally agree that proceeding directly to trial on the merits is preferable to resolving the preliminary injunction request shortly before the full trial. To prevent wasteful duplication of effort by the parties and the court, consolidation is appropriate. The court adopts a unified schedule for all discovery and disclosures that will allow the parties and the court to focus on bringing this litigation to a close.

Plaintiff GG Insurance Services Inc. filed this case on September 19, 2023. (Doc. 1.) In April 2024, more than seven months later, GG filed its first motion for preliminary injunction. (Doc. 47.) Shortly after that, the court issued the initial case management order. That order established two sets of deadlines for expert discovery. The first set of deadlines applied to expert evidence to be used in connection with the motion for preliminary injunction and the other set applied to expert evidence to be used at trial. (Doc. 56 3.) Expert disclosures for purposes of the preliminary injunction were to be completed by

August 23, 2024, which was later extended to September 27, 2024. (Doc. 78.) Expert disclosures for purposes of trial were to be completed by June 13, 2025. (Doc. 56 at 3.) As of now, that deadline remains in place.

The initial case management order did not set two sets of deadlines for fact discovery. Instead, all fact discovery was to be completed by July 11, 2025. (Doc. 56 at 2.) That deadline remains in place. The initial case management order also set August 29, 2025, as the deadline for dispositive motions, and informed the parties that each party was limited to one such motion. (Doc. 56 at 6.) As of now, that dispositive motion deadline and limitation remain in place.

The preliminary injunction hearing was first set for September 24, 2024. (Doc. 63.) In July 2024, the parties requested that hearing be reset for late October or early November 2024. (Doc. 79.) Instead of rescheduling the hearing, on September 4, 2024, the court denied the motion for preliminary injunction. The court informed GG it could renew its motion once it had obtained the discovery it believed necessary. (Doc. 84.) The court also noted that although there were different discovery deadlines for the preliminary injunction and trial on the merits, "a single schedule may be more appropriate." (Doc. 84 at 4.)

After the motion for preliminary injunction was denied, the parties continued with their often-contentious discovery. On February 7, 2025, GG renewed its motion for preliminary injunction. (Doc. 132.) That motion was not fully briefed until March 10, 2025. (Doc. 147, 158.) On March 19, 2025, the parties requested a two-month extension of "all pending deadlines," including an extension to November 7, 2025, for dispositive motions. (Doc. 169 at 2.) The court denied that request, explaining it would not be appropriate to extend the deadline for dispositive motions beyond September 19, 2025, the two-year anniversary of the complaint's filing. (Doc. 170 at 2.) The court ordered the parties to file a revised schedule that would allow for dispositive motions to be filed by that September date. The court also ordered the parties to address whether it would be appropriate to consolidate the preliminary injunction with trial on the merits.

The parties' proposed revised schedule would set October 1, 2025, as the deadline

for expert depositions and October 27, 2025, as the deadline for *Daubert* motions. But the parties now disagree on the need for a dispositive motion deadline. (Doc. 173.) GG believes the motion to enforce an alleged settlement agreement filed by Myles Johnson should prevent any additional dispositive motion by any defendant. Defendants disagree and request the court set September 19, 2025, as the dispositive motion deadline for all defendants except for Myles Johnson. (Doc. 173.) That deadline would be before the end of discovery, which almost never makes sense.

On the issue of consolidation, defendants do not oppose consolidation "so long as such trial is set no earlier than October 2, 2025." (Doc. 178 at 3.) GG agrees consolidation is appropriate if no more dispositive motions are allowed. If additional dispositive motions are prohibited, GG requests trial be set "after Halloween this year." (Doc. 176 at 2.) But if dispositive motions are allowed, GG requests the court resolve the pending motion for preliminary injunction instead of consolidating it with trial on the merits. GG believes allowing dispositive motions will delay matters and will "put this matter into 2026 without any kind of preliminary or permanent injunctive relief in sight." (Doc. 176 at 2.) Given that GG itself requests trial no earlier than November 2025, holding trial early in 2026 (as the court's schedule likely will permit) would mean a delay of only a few months from GG's preferred trial date.

"[D]istrict courts enjoy a wide latitude of discretion in case management" and that discretion should be exercised consistent with "the courts' overriding obligation to construe and administer the procedural rules so as 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) (quoting Fed. R. Civ. P. 1); *see also Murray v. Laborers Union Loc. No. 324*, 55 F.3d 1445, 1452 (9th Cir. 1995) ("District court judges must have ample discretion to control their dockets."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (noting "[d]istrict courts have the inherent power to control their dockets"). In an exercise of that discretion, the court allows each side to file one future dispositive motion, adopts an accelerated schedule, and consolidates the preliminary injunction with

trial on the merits.

Beginning with whether additional dispositive motions are appropriate, defendant Myles Johnson filed a dispositive motion in the form of his request to enforce the settlement agreement. Johnson may not file an additional motion.[1] All other defendants have not yet filed a dispositive motion, and they are entitled to do so. But any such motion must be a single motion filed collectively. That is, each defendant is not permitted to file a separate motion. GG may file its own dispositive motion as well.

Dispositive motions must be filed by September 19, 2025, and all discovery must be completed prior to that date. The previous schedule that provided for different deadlines regarding the preliminary injunction is vacated. A single schedule governing all aspects of this case is adopted.[2] But the parties' proposed schedule is rejected because it would not have discovery completed before dispositive motions. With discovery complete prior to September 19, and following the normal briefing schedule for dispositive motions, the motions will be ripe for ruling in early November 2025. The court will resolve the motions expeditiously and the case will be ready for trial in the first half of 2026, assuming trial is necessary.

Because dispositive motions will be resolved in late 2025 or early 2026 and trial will occur shortly thereafter, it would be inefficient to address the pending preliminary injunction motion before trial. As explained by another court, "litigation of preliminary injunctions often causes undue duplication and waste of time and resources." *Dynaenergetics Eur. GmbH v. Hunting Titan, Inc.*, No. CV H-17-3784, 2021 WL 3022435, at *11 (S.D. Tex. July 15, 2021); *see also N. B. v. United States*, 552 F. Supp. 3d 387, 396 (E.D.N.Y. 2021) ("[A] separate trial on the merits would be a waste of time and resources."). That is particularly true here because the case has already been pending for a significant amount of time, GG waited months to file its first preliminary injunction

---

[1] In light of this restriction, Johnson may withdraw his pending motion so as to join the future motion filed by all defendants. If he wishes to do so, he must notify the court of that decision by April 16, 2025.

[2] The motion in limine is based in large part on an alleged failure to comply with the disclosure deadline applicable to the preliminary injunction. Consolidating the preliminary injunction means the motion in limine is moot.

motion, all discovery will be completed soon, and the court is prepared to proceed to trial in a timeframe only slightly delayed from that proposed by GG.[3] In these circumstances, consolidating the preliminary injunction with trial on the merits "will ultimately lead to a more expeditious resolution of the entire case and better serve the interests of justice." *Zorn v. U.S. Dep't of Just.*, No. CV H-22-2396, 2024 WL 718198, at *1 (S.D. Tex. Feb. 12, 2024).

Finally, on April 7, 2025, GG filed a "partial objection" to a Rule 45 subpoena sent to non-party Tecnet Limited Liability Company dba TeamLogicIT. (Doc. 181.) GG may be able to assert some objections to that subpoena, such as those involving attorney-client privilege. But GG likely does not have the ability to assert other objections on TeamLogic's behalf such as its objections that the subpoena is "vague and overbroad." (Doc. 181 at 2–3.) Regardless of whether GG is entitled to assert certain objections, GG is a party and was required to comply with the court's discovery dispute procedures. (Doc. 56 at 5.) GG cannot avoid those procedures merely because the subpoena is aimed at a non-party, particularly when it makes clear on every page of its "partial objection" it is "Plaintiff"—i.e., GG—objecting to the subpoena. (Doc. 181 at 2–4.) To prevent an additional avenue of evasion, if TeamLogic IT were to appear separately through the same counsel as GG, TeamLogic IT would be required to comply with the court's discovery dispute procedures. The partial objection is overruled. If GG or TeamLogic IT represented by GG's counsel wish to object to the subpoena, it must follow the court's discovery dispute procedures.

Accordingly,

**IT IS ORDERED** the Motion for Preliminary Injunction (Doc. 132) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Seal (Doc. 159) is **DENIED AS MOOT**. This order shall not be sealed.

**IT IS FURTHER ORDERED** the Motion for Leave to File Native Email File in connection with the motion for sanctions (Doc. 165) is **GRANTED**.

---

[3] Even excluding time periods which the court agreed would not be attributed to GG (*e.g.* Docs. 104, 126), the months GG waited before filing its first preliminary injunction motion and repeated extension requests afterwards undercut its expressed desire for "prompt" injunctive relief. (Doc. 176 at 2.)

**IT IS FURTHER ORDERED** the Motion to Seal in connection with the motion for sanctions (Doc. 167) is **GRANTED**. The Clerk of Court shall file under seal the document lodged at Doc. 168.

**IT IS FURTHER ORDERED** the Motion to Withdraw (Doc. 174) is **GRANTED**. Plaintiff's cross-motion is withdrawn, and plaintiff may file a dispositive motion.

**IT IS FURTHER ORDERED** the Motion in Limine (Doc. 177) is **DENIED**.

**IT IS FURTHER ORDERED** the Stipulation (Doc. 173) is **GRANTED IN PART**. The deadline for lay witness depositions is **June 25, 2025**, the deadline for the party with the burden of proof to complete expert disclosures is **July 16, 2025**, the deadline for the responding party to complete expert disclosures is **August 15, 2025**, the deadline for rebuttal expert reports is **September 2, 2025**, the deadline for expert depositions is **September 10, 2025**, and the deadline for dispositive motions is **September 19, 2025**. The deadline for motions challenging expert testimony will be set in the trial-setting order.

**IT IS FURTHER ORDERED** the Partial Objection (Doc. 181) is **OVERRULED**.

Dated this 9th day of April, 2025.

Honorable Krissa M. Lanham
United States District Judge