**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GG Insurance Services Incorporated, | No. CV-23-01964-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Myles Johnson, et al., | |
| Defendants. | |

The parties have another discovery dispute. This latest dispute is premised on a shared belief that Arizona's discovery procedures regarding punitive damages apply in this case. (Doc. 198.) The parties do not explain why those procedures apply in this federal suit and under the presumptively governing federal law, the discovery is permissible.

Plaintiff GG Insurance Services Inc. propounded discovery requests to defendant John Kresevic regarding his wealth. GG believes those requests will produce information relevant to its request for punitive damages. GG argues Arizona law allows a plaintiff to obtain discovery regarding a defendant's wealth once the plaintiff makes a "prima facie showing that he or she will be entitled to present the issue of punitive damages to the jury." (Doc. 198 at 3) (quoting *Swift Transportation Co. of Arizona L.L.C. v. Carman in & for Cnty. of Yavapai*, 515 P.3d 685, 689 (Ariz. 2022)). And according to GG, it has made such a showing such that Kresevic should respond to the discovery requests.

Kresevic argues he is not required to respond to the discovery requests because the scope of permissible discovery must be determined under Arizona law and, under that law,

GG has not made the requisite prima facie showing to permit discovery into his finances. (Doc. 198 at 5.)

The parties assume the scope of discovery is governed by Arizona law but "it is federal law, and not state law, that controls discovery in diversity actions when a federal Rule is on point, provided that it does not violate the Rules Enabling Act or the U.S. Constitution."[1] *Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004). In other words, "discovery disputes in federal courts are governed by federal law, especially the Federal Rules of Civil Procedure and the Federal Rules of Evidence" and "[t]he ultimate issue is whether the discovery sought is permitted as a matter of federal law." *Pearson v. Miller*, 211 F.3d 57, 61 (3d Cir. 2000). The parties' belief that Arizona law applies such that GG must make a "prima facie showing" before certain discovery is allowed appears misguided.[2]

Arizona's discovery procedures and limitations do not apply so the proper inquiry is whether the discovery GG seeks is appropriate under Fed. R. Civ. P. 26(b)(1). *Richbourg v. Jimerson*, No. CV-12-0136-TUC-BGM, 2012 WL 4355906, at *2 (D. Ariz. Sept. 24, 2012) (recognizing Arizona's limitation on discovery but applying Rule 26(b)(1)). Given the claims and defense in this case, Kresevic's financial information is discoverable. GG's discovery requests seek relevant information that may be important for GG's claims and the benefits of the discovery outweigh the burden or expense.

/

---

[1] This suit is in federal court based on federal question, not diversity, jurisdiction. But "a federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000). Because state discovery procedures do not apply in diversity suits they also do not apply in federal question suits where the court is hearing state claims under supplemental jurisdiction.

[2] District courts in California have addressed a very similar situation involving a California statute prohibiting discovery into a defendant's financial condition until the plaintiff makes a prima facie showing of liability. In concluding the California statute did not apply in federal court, one court explained "[d]iscovery is a procedural matter governed in the federal courts by the Federal Rules of Civil Procedure" and "state discovery practices are usually irrelevant." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 285 (C.D. Cal. 1998) (simplified); *see also Loyd v. United States*, No. 5:23-CV-00381-SVW-SSC, 2024 WL 5260932, at *2 (C.D. Cal. Dec. 5, 2024) (California law requiring prima facie showing before discovery is "fundamentally inconsistent with Rule 26(b)").

Accordingly,

**IT IS ORDERED** defendant John Kresevic shall respond to the discovery requests within **fifteen days** of this order.

Dated this 11th day of July, 2025.

Honorable Krissa M. Lanham
United States District Judge