**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GG Insurance Services Incorporated, | No. CV-23-01964-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Myles Johnson, et al., | |
| Defendants. | |

Defendants seek reconsideration of a July 11, 2025, order allowing discovery of financial records before plaintiff makes a prima facie showing that punitive damages are possible. Defendants argue the court erred in allowing the discovery based on District of Arizona orders from 2012, 2015 and 2023, but if the discovery is allowed the court should at least limit it to specific records from the past two years. (Doc. 201 at 12.)

Reconsideration is appropriate upon "a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the court's] attention earlier." Local Rule 7.2(g)(1). The court's previous order explained discovery standards in this case are governed by federal law. That meant plaintiff was not required to satisfy Arizona law requiring a prima facie showing before pursuing financial discovery relevant to punitive damages. The order cited authority from two courts of appeals and multiple federal district courts. The motion for reconsideration does not address those authorities but merely cites "recent federal case law" from this district as allegedly establishing the court erred. (Doc. 201 at 4-5 (citing *Bossardet v. Centurion Healthcare*, No. CV-21-00179-

TUC-RM, 2023 WL 11959860 (D. Ariz. Jan. 13, 2023); *Richbourg v. Jimerson*, No. CV–12–0136–TUC–BGM, 2012 WL 4355906 (D. Ariz. Sept. 24, 2012); *Avila v. Mohave Cnty.*, No. 3:14-cv-8124-HRH, 2015 WL 6660187 (D. Ariz. Nov. 2, 2015).)

The cases Defendants cites are not new and do not explain why Arizona's limitation on discovery should apply in federal cases. Defendants therefore have not established the court clearly erred in allowing the discovery. There remains no basis to require a prima facie showing before financial discovery is allowed.

Defendants argue that if the court allows the financial discovery, that discovery should be limited to a subset of records from the last two years. Defendants did not propose these limitations—or any other limitations—in their discovery dispute statement. (Doc. 198 at 5-7.) Rather, defendants relied entirely on their mistaken belief that Arizona's limitation on discovery would apply. Defendants could have sought limitations earlier and it is too late now.

Finally, defendants ask for a two-week extension in which to produce responsive documents. The court's prior order was issued on July 11, 2025, and required the production of documents within fifteen days. Defendants waited until July 24, 2025, to seek reconsideration. Fact discovery closed on July 18, 2025, so any additional delay in the production of financial records jeopardizes the parties' ability to comply with the remaining deadlines. Based on defendants' delay in seeking reconsideration or an extension, and the need to keep the case progressing on schedule, only a limited extension to August 1, 2025, is appropriate.

**IT IS ORDERED** the Motion for Reconsideration (Doc. 201) is **DENIED** except defendants shall produce the responsive documents no later than **August 1, 2025**.

Dated this 25th day of July, 2025.

Honorable Krissa M. Lanham
United States District Judge