**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GG Insurance Services Incorporated, | No. CV-23-01964-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Myles Johnson, et al., | |
| Defendants. | |

Certain defendants seek reconsideration of the summary judgment order. (Doc. 276.) The motion essentially asks the court "to rethink what the court has already thought through—rightly or wrongly." *Ramirez v. Medtronic Inc.*, 961 F. Supp. 2d 977, 1005 (D. Ariz. 2013) (simplified). Reconsideration is not appropriate.

According to defendants, the court committed clear error in addressing plaintiff GG Insurance Services Inc.'s ("GG's") claims under the Copyright Act. (Doc. 276 at 2.) According to defendants, "GG's copyright claims rest on the contention that Turbo's software performed ***similar functions*** to Quote Monkey. But functionality—the process and methods by which software operates—is categorically excluded from copyright protection." (Doc. 276 at 2.) The court's order explicitly discussed the issue defendants now claim was overlooked. The court noted it could only consider "elements that are protectable by copyright" and "ideas, process, and elements common to similar products are not copyrightable." (Doc. 272 at 8.) Summary judgment was not proper, however, because there were protectable similarities between the products other than functions, and

because an original combination of unprotected elements may be protectable. (Doc. 272 at 8-9.)

Defendants disagree with that conclusion, claiming the summary judgment order's "reference to GG's allegation that 'no competitor besides Turbo uses elements so similar to QM' . . . does not appear to be supported by record evidence adduced at summary judgment." (Doc. 276 at 6.) Although the order inadvertently cited to the second amended complaint, the evidence the court intended to cite supports its conclusion that the products share more than similar functions. Plaintiff's expert identified "architectural similarities" between the Turbo Software Product and QM, despite "multiple other architectures" being available to solve the same problem. (Doc. 237-4 at 77-78, 153.) The expert also evaluated "other companies identified as possibly being in the same industry or having similar technology" and determined all of them "were missing components implemented by both Turbo Software Product and Garzella Group." (Doc. 237-4 at 88.) Similarly, a declaration from Dan Garzella states he is "not aware of any company in our industry that knows or uses" GG's combination of features to implement the same functions, except for Turbo. (Doc. 247-1 at 8.) The court's statement that the Turbo Software Product's elements were closer to QM's than any other competitor is a fair inference drawn from the evidence presented at summary judgment.

**IT IS ORDERED** the Motion for Reconsideration (Doc. 276) is **DENIED**.

Dated this 22nd day of April, 2026.

_____
Honorable Krissa M. Lanham
United States District Judge

- 2 -